UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CRAIG S. BISHOP, | : | Civil No. 05-5660 (FLW) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| N.J. DEP'T OF CORRECTIONS, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES**:

    CRAIG S. BISHOP, #500542, Plaintiff Pro Se
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302

**WOLFSON**, District Judge

    Plaintiff Craig S. Bishop, a prisoner currently confined at South Woods State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b).  Having reviewed Plaintiff's allegations, the Court dismisses

Plaintiff's federal claims and declines to exercise supplemental jurisdiction over claims arising under New Jersey law.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration.  He alleges that on February 3, 2005, Defendant Erickson, a corrections officer, drove Plaintiff to St. Francis Hospital in Trenton, New Jersey, on a NJDOC bus.  Plaintiff asserts that Erickson crashed the bus into a parked vehicle, thereby injuring Plaintiff's back.  Plaintiff states that, after the police left, Erickson took Plaintiff back to the hospital for additional medical care.  Plaintiff asserts that he continues to suffer pain from the injury, despite his receipt of physical therapy.  He seeks injunctive relief and damages.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6.

### III.  DISCUSSION

A.  Eighth Amendment

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was committed by a person acting under color of state law.[1] West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). "The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments:  they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To prevail on a failure to protect claim under 42 U.S.C. § 1983, an inmate must establish that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant knows of and fails to respond reasonably to the risk. Farmer, 511 U.S. at 833, 837.

      Plaintiff complains that he was injured when Erickson crashed the NJDOC van in which Plaintiff was a passenger into a parked vehicle.  However, Plaintiff's Eighth Amendment claim with regard to the accident fails as a matter of law because  negligent or careless driving is not actionable under § 1983.  See Davidson v. Cannon, 474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim  under § 1983); Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).

      The Court is constrained by Davidson, Daniels, and Farmer to dismiss Plaintiff's Eighth Amendment claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  See Farmer, 511 U.S. at 841-5;  Davidson, 474 U.S. 344; Daniels, 474 U.S. 327.

B.  State Claims

The Complaint may state a claim under state tort law.  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726;  Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint pursuant to 28 U.S.C. § 1915(b), dismisses Plaintiff's federal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and declines to exercise supplemental jurisdiction over his state claims.

 s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

Dated:     March 24  , 2006